HARRY V. ZIGENFUS, PROSECUTOR, v. EDWARD D. BALENTINE, DIRECTOR OF THE DEPARTMENT OF PUBLIC SAFETY OF THE TOWN OF IRVINGTON, ESSEX COUNTY, NEW JERSEY, AND THE CIVIL SERVICE COMMISSION OF NEW JERSEY, AND WILLIAM S. HOLLERAN, RESPONDENTS.

Argued October 8, 1941—Decided December 22, 1941.

Before Justices BODINE, PERSKIE and PORTER.

For the prosecutor, *Wilbur J. Bernard.*

For the respondents, *William Newman (John W. Ockford,* of counsel).

For the Civil Service Commission, *David T. Wilentz,* Attorney-General.

The opinion of the court was delivered by

PORTER, J. The prosecutor applies for a writ of *certiorari* to review the action of the respondents, the Director of Public Safety of the Town of Irvington and the Civil Service Commission of the State, concerning the appointment of a deputy chief of the Fire Department.

The facts are that the Town of Irvington is governed under the commission form, *N. J. S. A.* 40:72, *el seq.,* and is subject to the Civil Service Act, having adopted its provisions, *N. J. S. A.* 11:19-2. The Director of Public Safety was in charge of the Fire Department. There were two vacancies in the position of deputy chief in that department and at the request of the director the Civil Service Commission held a promotional examination for the position. It certified the result of the examination and because there were two appointments to be made certified the first four names on the eligible list. It did this under its rule 31 which provides that "if there be more than one vacancy, there shall be certified to the appointing authority the names of as many persons as there are vacancies to be filled and two additional names."

On April 30th, 1941, the director made the two appointments simultaneously from the certified list which action was approved by the Civil Service Commission.

The appointees were Walter .H. Kollmar and William S. Holleran. The former was first and the latter fourth on the list. The prosecutor, Harry V. Zigenfus, was second on the list and the only veteran of the World War among the four certified.

The Civil Service Law gives preference to veterans for appointment, *N. J. S. A.* 11:27, *et seq.* In promotions in the classified service, however, the only preference which a veteran has is, if he "shall receive the highest certification from among those qualified," *N. J. S. A.* 11:27-6.

It is the contention of the prosecutor that he should have been appointed instead of Mr. Holleran because when Mr. Kollmar, first on the list, was appointed he then having been second on the list became first and being a veteran had a preferential right under the statute, *supra.* In other words under these circumstances a question is raised as to whether or not there was not a circumvention of the statute by making two appointments from the one list in order to defeat the right of preferment of the prosecutor.

Where the name of a veteran appears on a promotional list it seems to us that there should be a review by this court of the question of whether or not where more than one appointment is to be made the commission should not certify a list of eligibles for each appointment. While rule 31 of the commission was followed in this case it is of course of no effect if the statute is violated.

Accordingly a writ of *certiorari* will be allowed, costs to abide the event.